# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No.: 13-mc-80098 JSW (KAW)<br><br>ORDER ON DEFENDANT'S MOTION TO QUASH AND FOR PROTECTIVE ORDER |

On May 6, 2013, Defendant filed a motion to quash a subpoena issued to third party Richard Henley, and for a protective order. This Court opened a miscellaneous action for Defendant's motion. The subpoena relates to an underlying case in the District of Delaware.

The Court set a briefing schedule on the motion, and ordered compliance with the subpoena stayed pending the resolution of the motion. The parties briefed the motion. For the reasons explained below, compliance with the subpoenas is stayed pending a ruling on Defendant's motion to stay discovery in the District of Delaware.

By way of background, Plaintiff filed a civil case against Defendant in the Central District of California in June 2012. The case was transferred to the District of Delaware in March 2013, and assigned to Judge Andrews. At the time of the transfer, Defendant's fully briefed motion to dismiss was pending. After the case was transferred, Defendant filed a motion to stay discovery. Both the motion to dismiss and the motion to stay discovery will be heard by Judge Andrews on July 2, 2013.

Between April 12 and 16, 2013, Plaintiff issued 19 nonparty subpoenas, including the one at issue in this miscellaneous action. Defendant filed motions to quash these subpoenas. Courts in the Southern District of New York and the Southern District of Florida remitted some of the motions to quash to Judge Andrews.

On May 15, 2013, Judge Andrews issued an order staying compliance with the subpoenas from the Southern District of New York and the Southern District of Florida pending his ruling on the motion to stay discovery. Judge Andrews wrote, "It certainly makes sense that one court consider these and any other similar motions that might now or later be pending . . . There is little to be said for piecemeal resolution of these related issues." Dkt # 10-1 at 2.

Judge Andrews will shortly be ruling on the motion to dismiss and the motion to stay. If he grants either of these motions, the subpoenas need not be complied with. Plaintiff argues that this Court should not allow compliance with the subpoenas to be delayed, because Defendant's "recent public filings suggest that an expeditious resolution of this action is necessary to protect [Plaintiff's] ability to collect on an eventual judgment." Dkt # 9 at 8. But the suggestion that Defendant may eventually not be able to satisfy a judgment does not show that Plaintiff will suffer any prejudice if compliance with the subpoenas is delayed for several weeks. There is no scheduling order in place in this case. Nor is there any indication that the case will quickly be resolved once the subpoenas are complied with.

///

///

///

1    Therefore, in the interests of judicial economy, it is hereby ORDERED that
2 compliance with the third-party subpoenas at issue in this action is STAYED pending Judge
3 Andrew's ruling on Defendant's motion to stay discovery in the underlying case. Within seven
4 days of the date of Judge Andrew's ruling, the parties shall submit a joint status report to this
5 Court. Defendant shall serve this order on third party Richard Henley.
6    It is so ORDERED.

10 DATE: June 17, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE